Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion on the following question:
 Does the law that created [Regional Solid Waste Management Boards] (title 8, chapter 6, subchapter 7 of the Ark. Code Ann.) establish them as `Boards' as intended under the term `state' in APERS retirement law (A.C.A. § 24-4-101)?
You note that you have been asked whether the employees of a Regional Solid Waste Management Board ("Regional Board") are eligible for participation in the Arkansas Public Employees' Retirement System ("APERS"). Correspondence attached to your request indicates that the Upper Southwest Arkansas Regional Solid Waste Management Board is in the process of constructing a landfill, and will be employing several people in its operation. It is suggested that a Regional Board is a subdivision of the State of Arkansas, and is included as a "board" under the definition of the term "State" in the law pertaining to APERS.See A.C.A. § 24-4-101(1) (Repl. 1992). I assume that your question, therefore, is whether a Regional Board falls within the definition of "State" under A.C.A. § 24-4-101, and whether employees of the Regional Board are included as "state employees" in APERS.
It is my opinion that the term "State," as defined in §24-4-101(1), in all likelihood includes a Regional Solid Waste Management Board. Section 24-4-101(1) provides as follows:
 As used in this act [the act pertaining to APERS], unless the context otherwise requires:
 `State' means the State of Arkansas and includes all agencies, offices, departments, boards, commissions, and state-supported institutions that are duly constituted agencies of the state.
This office has previously concluded that regional solid waste management districts are "state agencies" under the state procurement statutes. Op. Att'y Gen. 91-442 at 2 (copy enclosed). It is my opinion that a Regional Board would in all likelihood similarly be considered a state board for purposes of §24-4-101(1). As noted in Opinion 91-442, the state has reserved considerable control over regional solid waste management districts, as reflected in the requirement that all assessments of need and remedial plans be approved by the state Department of Pollution Control and Ecology. See A.C.A. §§ 8-6-716(a) and -717(a) (Supp. 1991). Additionally, the Regional Boards are guided with respect to their organization and operation by procedures and regulations prescribed by the state Pollution Control and Ecology Commission. A.C.A. § 8-6-708(1) (Supp. 1991). And state grants comprise at least a portion of the funding for the regional solid waste management districts. See A.C.A. §§8-6-709 (Adv. Code Serv. 1992-93), amended by Act 1030 of 1993 (regarding landfill disposal fees) and 8-9-405 (Supp. 1991) (waste tire fees).
While it may therefore reasonably be concluded that a Regional Board is a state board under § 24-4-101, the funding sources make it difficult to determine whether employees of such a Board are "state employees" for purposes of APERS. A Regional Solid Waste Management Board has the authority, under A.C.A. §§ 8-6-704(b)(2) (Supp. 1991), to fix and pay the compensation of employees "from funds available to the district therefor. . . ." It seems that these funds may include rents, fees, and charges levied by the Regional Board for the disposal, treatment or other handling of solid waste by the district (A.C.A. § 8-6-714 (Supp. 1991)), as well as grant assistance from the state. See A.C.A. §§ 8-6-709, as amended by Act 1030 of 1993 (Solid Waste Management and Recycling Fund) and 8-9-405 (Supp. 1991) (Waste Tire Grant Fund).
The term "employees" is defined in relevant part under A.C.A. §24-4-101(7)(A)(i), as amended by Act 432 of 1993, as "all officers and employees of any office, agency, board, commission, or department of a public employer whose compensations were, or are, payable from funds appropriated by the public employer. . . ." The term "public employer" means "the State of Arkansas or any participating public employer." A.C.A. §24-4-101(4) (Repl. 1992). "Participating public employer" means "any county or municipality in the state whose employees are included in the membership of the system." A.C.A. §24-4-101(5) (Repl. 1992). "State employees" are further defined as "all otherwise eligible employees whose compensations were, or are, payable from funds appropriated by the state and includes all employees whose compensations were, or are, payable in whole or in part from federal funds. . . ." A.C.A. § 24-4-101(8) (Repl. 1992).
The question thus arises whether employees of a Regional Board are "employees" whose compensations are payable from funds appropriated by the state, such that they are included as "state employees" under APERS.[1] As noted above, a Regional Board is authorized to levy rents, fees and charges. A.C.A. § 8-6-714
(Supp. 1991). Thus, the employees' compensations may be derived, in whole or in part, from service fees. It is unclear whether these fees are "funds appropriated by the state" for purposes of § 24-4-101(8) (definition of "state employees.") The state grant programs do, however, offer a source of funding that may bring these employees within APERS as "state employees." The grant program created under A.C.A. § 8-6-609 (Adv. Code Serv. 1992-93) was recently amended by Act 1030 of 1993 to establish an entitlement grant allocation under the Solid Waste Management Recycling Fund Act. This act reflects legislative intent to provide the regional districts with an assured source of funding from the state. The regional solid waste management districts are assured of receiving grant assistance under this act, including (with an established maximum) grants for administrative costs.See A.C.A. § 8-6-609(c)(3) (Acts 1993, No. 1030, § 1). State funds may also be appropriated to Regional Boards from the Waste Tire Grant Fund. See A.C.A. § 8-9-405 (Supp. 1991).
While a conclusive determination must rest in this instance with the APERS Board of Trustees,[2] it is my opinion that there is probably a sufficient basis for deciding that the employees of a Regional Solid Waste Management Board are eligible to participate as "state employees" under the system.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Employees of the Regional Board do not, in my opinion, fall within the definition of "county employees" or "municipal employees" under § 24-4-101. While a portion of the funds available to a regional solid waste management district may flow through the county treasury if the Regional Board elects to have a service fee collected with the county property taxes (see A.C.A. § 8-6-714(c) (Supp. 1991)), this does not, in my opinion, mean that the employees' compensations are "payable . . . by county participating public employers. . . ." See A.C.A. §24-4-101(10) (Supp. 1991) (definition of "county employees.")
[2] The Board of Trustees has the final power to decide the question in any case of doubt as to who is a state employee within the meaning of the Arkansas Public Employees' Retirement System law. A.C.A. § 24-4-101(8) (Repl. 1992).